UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY SHAW | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| GUY WARREN, HODUM TRUCKING, INC. AND CANAL INSURANCE | MAGISTRATE: |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>NOTICE OF REMOVAL</u>**

Canal Insurance Company, pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action bearing case number 2016-4662, Division "N", on the docket for the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different states. The grounds for removal are as follows:

I.

Upon information and belief, at all times pertinent, Plaintiff Leroy Shaw was and is a citizen of the State of Louisiana.

II.

At all times pertinent, Defendant Canal Insurance Company was and is a foreign insurer duly organized under the laws of the State of South Carolina and having its principal place of business in the State of South Carolina. As of the time of this filing, Canal Insurance Company has not been served. Undersigned counsel will represent Canal Insurance Company once it is served.

III.

At all times pertinent, Defendant Hodum Trucking, Inc. was and is a foreign corporation organized under the laws of the State of Mississippi and having its principal place of business in

the State of Mississippi. As of the time of this filing, Hodum Trucking, Inc. has not been served. Undersigned counsel will also represent Hodum Trucking, Inc. once it is served.

IV.

Upon information and belief, John McBride was the insured driver involved in this alleged incident. Upon information and belief, at all times pertinent, John McBride was and is a citizen of the State of Mississippi.  The Petition lists the driver as Guy Warren as a person believed to reside in the State of Mississippi. The driver was Mr. John McBride.

V.

Accordingly, there is complete diversity of citizenship between Plaintiff and all Defendants.

VI.

Plaintiff, Leroy Shaw, alleges that he suffered physical pain and suffering; mental anguish; past, present, and future medical expenses; past and future loss of income; loss of earning capacity; loss of truck earnings while his vehicle was disabled after being totaled; loss of enjoyment of life and permanent disability to the body.

VII.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal.  *See Manguno v. Prudential Prop. & Cas. Ins., Co.*, 276 F.3d 720 (La. App. 5th Cir. 1/8/02).

VIII.

As prohibited by La. C.C.P. art. 893, Plaintiff does not plead a specific amount of monetary damages in his Petition.  Plaintiff, although permitted to do so under La. C.C.P. art. 893, has failed to include in his Petition a general allegation as to whether his claims are more or less than the requisite amount for federal court diversity jurisdiction.

IX.

Although it appears from Plaintiff's Petition that the requisite amount in controversy for federal court diversity jurisdiction exists with respect to Plaintiff, out of an abundance of caution undersigned counsel attempted to contact counsel for Plaintiff to request that Plaintiff either consent to a removal to federal court or consent to a stipulation that the total amount that Plaintiff would accept is not more than the jurisdictional amount of $75,000.00.  Undersigned counsel also requested any medical records regarding Plaintiff's alleged damages for the purpose of clarifying the amount in controversy. Plaintiff counsel produced eighteen pages of medical records which indicate the Plaintiff is still treating since the incident and his current physician is recommending a left shoulder arthroscopy rotator cuff repair, SLAP repair, and an SAD DCR for his left shoulder. The Plaintiff had an L4-5 epidural steroid injection on June 2, 2016. The medical records also include a MRI report of the Plaintiff's lumbar spine which provides "spinal surgical consultation would be prudent." The medical records are attached hereto as Exhibit A.  Counsel for Plaintiff did not agree to the proposed stipulation. See attached as Exhibit B the e-mails of May 25th 2016, June 1st, 3rd, and 7th, 2016.

X.

Where a specific amount of damages is not set forth, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.,* 11 F.3d 55 (La. App. 5th Cir. 12/22/93).

XI.

The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy- preferably in the removal petition, but sometimes by affidavit- that support a finding of the requisite amount." *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (La. App. 5th Cir. 1/8/02); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (La. App. 5th Cir. 3/29/99).

XII.

Based on the facts in controversy as set forth in Plaintiff's Petition, it reasonably appears by a preponderance of the evidence that the damages claimed by Plaintiff Leroy Shaw may exceed the sum of $75,000, exclusive of interest and costs. Courts in the Fifth Circuit have concluded that an indication of back surgery or even a recommendation for back surgery is sufficient to ascertain that the amount in controversy is in excess of $75,000. *Lee v. FAEC Holdings (LA), LLC,* 2014 WL 3540881 *5 (M.D. La. July 17, 2014). Louisiana courts have held that in cases with similar claims to those of Leroy Shaw, damages can be worth $75,000 and even more. See *Gebbia v. Wal-mart Stores, Inc.,* 233 F. 3d 880, 883 (La. App. 5th Cir. 12/4/00) (Plaintiff's personal injury petition alleged damages in excess of $75,000 when plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and loss of earning capacity.); *Younce v. Pacific Gulf Marine, Inc.,* 817 So.2d 255 (La. App. 5th Cir. 4/10/02) (Plaintiff was awarded $75,000 in general damages for a partial rotator cuff tear requiring arthroscopy and $250,000 in general damages for low back injuries requiring spinal surgery.); *Pannell v. Encompass Ins Co.,* 956 So.2d 152 (La. App. 3 Cir. 5/2/07) (Plaintiff was awarded $90,000 in general damages, exclusive of medical expenses, for soft tissue injuries to her back, neck, and shoulder with aggravation of lumbar herniated disc and a degenerative back condition.); *Corliss v. Baha Towers Ltd. Partnership,* 799 So.2d 525 (La. App. 4 Cir. 8/29/01) (Plaintiff was awarded $131,690 in general damages, exclusive of medical expenses or lost wages, for a torn rotator cuff that was treated surgically.).

XIII.

Defendant does not intend to state in this removal pleading that Plaintiff is entitled to any recovery and does not judicially admit that the damages in this matter are more than $75,000. However, that does not mean that the matter in controversy as claimed by Plaintiff does not exceed the sum or value of $75,000.

4

XIV.

In *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864 (La. App. 5th Cir. 10/11/02), the Court reiterated that a defendant seeking to remove a cause of action to federal court may do so through a preponderance of the evidence, because of Louisiana's prohibition on alleging specific dollar amounts in a prayer for relief in certain cases.  Considering the past, present and future personal, physical and emotional injuries alleged, Canal Insurance Company avers that the amount in controversy with respect to Leroy Shaw's claims exceed the jurisdictional amount required for removal.

XV.

Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; post-removal affidavits and stipulations do not strip the district court's jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (La. App. 5th Cir. 12/4/00);  *Doran v. Allstate Ins. Co.,* 2007 WL 2028187 (W.D. La. July 7, 2007); *Davis, et al. v. State Farm, et al.*, 2006 WL 1581272 (E.D. La. June 7, 2006).  Plaintiff's Petition for Damages does not stipulate that the damages do not exceed $75,000.00, nor does Plaintiff's Petition for Damages offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00.  Plaintiff has not taken the steps to irrevocably limit a damage award which is required in the Fifth Circuit when the injuries described facially appear to place a greater amount in controversy.  *DeAguilar v. Boeing Company*, 47 F.3d 1404 (La. App. 5th Cir. 3/795).

XVI.

While Canal Insurance Company admits no liability nor any element of damages, Canal Insurance Company has met its burden of establishing by a preponderance of the evidence that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.  Therefore, Canal Insurance Company

respectfully submits that the amount in controversy reasonably exceeds $75,000.00 and this Court is vested with subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332.

XVII.

Defendant, Canal Insurance Company, first received notice of the Petition for Damages on or about May 9, 2016. This Notice of Removal is filed within thirty days of receipt of the first paper from which it could be ascertained that the case was removable, and is therefore timely pursuant to 28 U.S.C. §1446(b).

XVIII.

Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders filed in the State Court proceeding are attached to this Notice of Removal. *See* Exhibit "C".

XIX.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

**WHEREFORE,** Canal Insurance Co. hereby gives notice that the proceeding bearing case number 2016-4662, Division "N", on the docket for the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana has been removed to the docket of this Court for trial and determination as provided by law. The United States District Court for the Eastern District of Louisiana has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1332. Removing defendant prays that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there proceed with the civil action as if it had originally commenced in this Court.

Respectfully submitted:

**DUNCAN & SEVIN, L.L.C.**

*/s/ Kelley A. Sevin*
_____
**ELTON F. DUNCAN III, T.A. (#14967)**
**KELLEY A. SEVIN (#31515)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone:     (504) 524-5566
Facsimile:       (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
Attorneys for Defendant,
Canal Insurance Company


## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I served the foregoing document and the notice of electronic filing by first-class mail, and/or facsimile, and/or electronic mail to any non-CM/ECF participants.

*/s/ Kelley A. Sevin*
_____